<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

---

MARLENE SOLOMON,  :
       :
    Plaintiff,    :   Civil Action No. 10-3669 (SRC)
       :
v.    :   **OPINION**
       :
COMMISSIONER OF SOCIAL    :
SECURITY,    :
       :
    Defendant.    :
_____:

**<u>CHESLER, District Judge</u>**

This matter comes before the Court on the appeal by Plaintiff Marlene Solomon ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that she was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. Civ. R. 9.1(b), finds that the Commissioner's decision is supported by substantial evidence and is hereby **AFFIRMED**.

**I.  BACKGROUND**

The following facts are undisputed. Plaintiff was born in 1943. She has worked as a sales telephone operator and a medical records clerk. In 2007, she filed applications for Disability Insurance and Supplementary Security Income benefits. Plaintiff's claims were denied by the Commissioner initially and on reconsideration. Pursuant to Plaintiff's request, a hearing was held before Administrative Law Judge Kenneth Chu (the "ALJ"). The ALJ denied Plaintiff's claim in an unfavorable decision issued on November 12, 2009. After the Appeals

Council denied Plaintiff's request for review of the ALJ's decision, that decision became final as the decision of the Commissioner of Social Security. Plaintiff then filed the instant appeal of the Commissioner's decision.

## II. DISCUSSION

**A.    Standard of Review**

This Court has jurisdiction to review the Commissioner's decision under 42 U.S.C. § 405(g). This Court must affirm the Commissioner's decision if it is "supported by substantial evidence." 42 U.S.C. §§ 405(g), 1383(c)(3); Stunkard v. Sec'y of Health and Human Services, 841 F.2d 57, 59 (3d Cir. 1988); Doak v. Heckler, 790 F.2d 26, 28 (3d Cir. 1986). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). Substantial evidence "is more than a mere scintilla of evidence but may be less than a preponderance." McCrea v. Comm'r of Soc. Sec., 370 F.3d 357, 360 (3d Cir. 2004). The reviewing court must consider the totality of the evidence and then determine whether there is substantial evidence to support the Commissioner's decision. See Taybron v. Harris, 667 F.2d 412, 413 (3d Cir. 1981).

The reviewing court is not "empowered to weigh the evidence or substitute its conclusions for those of the fact-finder." Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom. Williams v. Shalala, 507 U.S. 924 (1993) (citing Early v. Heckler, 743 F.2d 1002, 1007 (3d Cir. 1984)). If the ALJ's findings of fact are supported by substantial evidence, this Court is bound by those findings, "even if [it] would have decided the factual inquiry differently." Fargnoli v. Massanari, 247 F.3d 34, 35 (3d Cir. 2001); see also Hartranft v.

Apfel, 181 F.3d 358, 360 (3d Cir. 1999).

In determining whether there is substantial evidence to support the Commissioner's decision, the reviewing court must consider: "(1) the objective medical facts; (2) the diagnoses and expert opinions of treating and examining physicians on subsidiary questions of fact; (3) subjective evidence of pain testified to by the claimant and corroborated by family and neighbors; (4) the claimant's educational background, work history and present age." Blalock v. Richardson, 483 F.2d 773, 776 (4th Cir. 1973). "The presence of evidence in the record that supports a contrary conclusion does not undermine the Commissioner's decision so long as the record provides substantial support for that decision." Sassone v. Comm'r of Soc. Sec., 165 Fed. Appx. 954, 955 (3d Cir. 2006) (citing Blalock, 483 F.2d at 775).

**B.**     **Standard for Awarding Benefits Under the Act**

The claimant bears the initial burden of establishing his or her disability. 42 U.S.C. § 423(d)(5). To qualify for DIB or SSI benefits, a claimant must first establish that he is needy and aged, blind, or "disabled." 42 U.S.C. § 1381. A claimant is deemed "disabled" under the Act if he is unable to "engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); see also Kangas v. Bowen, 823 F.2d 775, 777 (3d Cir. 1987). Disability is predicated on whether a claimant's impairment is so severe that he "is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A). Finally, while subjective complaints of pain are considered, alone, they are not enough to establish disability. 42 U.S.C. § 423(d)(5)(A). To demonstrate that a disability exists,

a claimant must present evidence that his or her affliction "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically accepted clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

C.       **The Five-Step Evaluation Process**

Determinations of disability are made by the Commissioner, pursuant to the five-step process outlined in 20 C.F.R. § 404.1520.  The claimant bears the burden of proof at steps one through four.  Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987); Gist v. Barnhart, 67 Fed. Appx. 78, 81 (3d Cir. 2003).

At the first step of the evaluation process, the Commissioner must determine whether the claimant is currently engaged in substantial gainful activity.[1]  20 C.F.R. § 404.1520(b).  If a claimant is found to be engaged in such activity, the claimant is not "disabled" and the disability claim will be denied.  Id.; Yuckert, 482 U.S. at 141.

At step two, the Commissioner must determine whether the claimant is suffering from a severe impairment.  20 C.F.R. §§ 404.1520(a)(ii), (c).  An impairment is severe if it "significantly limits [a claimant's] physical or mental ability to do basic work activities."  Id.  In determining whether the claimant has a severe impairment, the age, education, and work experience of the claimant will not be considered.  Id.  If the claimant is found to have a severe impairment, the Commissioner addresses step three of the process.

At step three, the Commissioner compares the medical evidence of the claimant's impairment(s) with the impairments presumed severe enough to preclude any gainful work, listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  See 20 C.F.R. § 404.1594(f)(2).  If a claimant's

---

[1] Substantial gainful activity is "work that involves doing significant and productive physical or mental duties; and is done (or intended) for pay or profit."  20 C.F.R. § 404.1510.

impairment meets or equals one of the listed impairments, he will be found disabled under the Social Security Act. If the claimant does not suffer from a listed impairment or its equivalent, the analysis proceeds to step four.

In Burnett v. Comm'r of Soc. Sec., 220 F.3d 112, 119-20, 120 n.2 (3d Cir. 2000), the Third Circuit found that to deny a claim at step three, the ALJ must specify which listings[2] apply and give reasons why those listings are not met or equaled. In Jones v. Barnhart, 364 F.3d 501, 505 (3d Cir. 2004), however, the Third Circuit noted that "Burnett does not require the ALJ to use particular language or adhere to a particular format in conducting his analysis. Rather, the function of Burnett is to ensure that there is sufficient development of the record and explanation of findings to permit meaningful review." (Id.) An ALJ satisfies this standard by "clearly evaluating the available medical evidence in the record and then setting forth that evaluation in an opinion, even where the ALJ did not identify or analyze the most relevant listing." Scatorchia v. Comm'r of Soc. Sec., 137 Fed. Appx. 468, 471 (3d Cir. 2005).

Step four requires the ALJ to consider whether the claimant retains the residual functional capacity to perform his past relevant work. 20 C.F.R. § 404.1520(e). If the claimant is able to perform his past relevant work, he will not be found disabled under the Act. In Burnett, the Third Circuit set forth the analysis at step four:

> In step four, the ALJ must determine whether a claimant's residual functional capacity enables her to perform her past relevant work. This step involves three substeps: (1) the ALJ must make specific findings of fact as to the claimant's residual functional capacity; (2) the ALJ must make findings of the physical and mental demands of the claimant's past relevant work; and (3) the ALJ must compare the residual functional capacity to the past relevant work to determine whether claimant has the level of capability needed to perform the past relevant

---

[2] Hereinafter, "listing" refers to the list of severe impairments as found in 20 C.F.R. Part 404, Subpart P, Appendix 1.

work.

Burnett, 220 F.3d at 120.  If the claimant is unable to resume his past work, and his condition is deemed "severe," yet not listed, the evaluation moves to the final step.

At the fifth step, the burden of production shifts to the Commissioner, who must demonstrate that there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with his medical impairments, age, education, past work experience, and residual functional capacity.  20 C.F.R. §§ 404.1512(g), 404.1560(c)(1).  If the ALJ finds a significant number of jobs that claimant can perform, the claimant will not be found disabled.  Id.

When the claimant has only exertional limitations, the Commissioner may utilize the Medical-Vocational Guidelines found in 20 C.F.R. Part 404, Subpart P, Appendix 2 to meet the burden of establishing the existence of jobs in the national economy.  These guidelines dictate a result of "disabled" or "not disabled" according to combinations of factors (age, education level, work history, and residual functional capacity).  These guidelines reflect the administrative notice taken of the numbers of jobs in the national economy that exist for different combinations of these factors.  20 C.F.R. Part 404, Subpart P, Appendix 2, Paragraph 200.00(b).  When a claimant's vocational factors, as determined in the preceding steps of the evaluation, coincide with a combination listed in Appendix 2, the guideline directs a conclusion as to whether an individual is disabled.  20 C.F.R. § 404.1569; Heckler v. Campbell, 461 U.S. 458 (1983).  The claimant may rebut any finding of fact as to a vocational factor.  20 C.F.R. Part 404, Subpart P, Appendix 2, Paragraph 200.00(b).

Additionally, pursuant to 42 U.S.C. § 423(d)(2)(B), the Commissioner, in the five-step process, "must analyze the cumulative effect of the claimant's impairments in determining

whether she is capable of performing work and is not disabled." Plummer v. Apfel, 186 F.3d 422, 428 (3d Cir. 1999). Moreover, "the combined impact of the impairments will be considered throughout the disability determination process." 42 U.S.C. § 423(d)(2)(B); 20 C.F.R. § 1523. However, the burden still remains on the Plaintiff to prove that the impairments in combination are severe enough to qualify him for benefits. See Williams v. Barnhart, 87 Fed. Appx. 240, 243 (3d Cir. 2004) (placing responsibility on the claimant to show how a combination-effects analysis would have resulted in a qualifying disability).

D.  The ALJ's decision

In brief, the issue before the ALJ was whether Plaintiff was disabled under the Social Security Act during the period from November 1, 2003 through December 31, 2006. The ALJ examined the record and determined that: 1) at step one, Plaintiff had not engaged in substantial gainful activity during the relevant time period; 2) at step two, Plaintiff had arthritis, disc herniation and hypertension, which were "severe" impairments within the meaning of the Regulations; 3) at step three, Plaintiff's impairments, singly or in combination, did not meet or equal an impairment in the Listings; and 4) at step four, Plaintiff retained the residual functional capacity to sit for up to six hours in an eight-hour workday, and that she was able to perform her past relevant work. The ALJ concluded that Plaintiff had not been under a disability, as defined in the Social Security Act, during the relevant time period.

E.  Plaintiff's Appeal

Plaintiff challenges the step four determination that Plaintiff retained the residual functional capacity to perform her past relevant work. Plaintiff first contends that the ALJ failed to perform the three substeps required by the Third Circuit at step four:

In step four, the ALJ must determine whether a claimant's residual functional

> capacity enables her to perform her past relevant work. This step involves three substeps: (1) the ALJ must make specific findings of fact as to the claimant's residual functional capacity; (2) the ALJ must make findings of the physical and mental demands of the claimant's past relevant work; and (3) the ALJ must compare the residual functional capacity to the past relevant work to determine whether claimant has the level of capability needed to perform the past relevant work.

Burnett v. Commissioner of SSA, 220 F.3d 112, 120 (3d Cir. 2000).

Plaintiff bears the burden of proof at the first four steps of the evaluation process. This Court has often remarked that, because this is the law, a plaintiff cannot prevail on appeal merely by pointing out a defect in the ALJ's decision. Federal Rule of Civil Procedure 61 instructs: "At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights." It is not sufficient on appeal to point to defects and stop there. Pursuant to Rule 61, Plaintiff must persuade the Court that this defect affected her substantial rights. At a minimum, at step four, a plaintiff must persuade this Court that, but for the defect, she might have met her burden of proof that her residual functional capacity prevented her from performing her past relevant work. This is at a minimum, because the legal standard this Court applies on appeal is whether the Commissioner's determination is supported by substantial evidence.

Plaintiff points to the claimant's testimony that she did not think she could sit for even two hours. The ALJ considered this testimony and found that it was not supported by the objective medical evidence. (Tr. 17.) The ALJ noted that the medical records from Plaintiff's treating physician, Dr. DeGuzman, showed no limitation in the ability to sit. (Tr. 146-149.) The medical consultant, Dr. Silver, reviewed Dr. DeGuzman's records and made the same observation, concluding that Plaintiff was able to sit for six hours per day. (Tr. 157-163.) There was thus no objective medical evidence in the record that Plaintiff was limited in her ability to

sit.  The ALJ found that the claimant's testimony was not supported by the objective medical evidence and chose not to credit it.  Plaintiff does not argue that the ALJ's conclusion is not supported by substantial evidence, and this Court finds that the ALJ's decision about Plaintiff's ability to sit is supported by substantial evidence.

Plaintiff next argues that "the decision ignores, and fails to consider and explain the weight given to the State Agency's conflicting residual functional capacity assessment." (Pl.'s Br. 14-15.)  This is Plaintiff's entire treatment of this subject.  There is no further explanation and no citation to the record.  In the absence of a citation to the record, this Court does not know what piece of evidence Plaintiff here refers to.  Plaintiff does not explain which assessment conflicted with what and how.  This argument has not been sufficiently articulated to be considered.

Plaintiff next argues that the ALJ erred by not developing the record as to the mental demands of her past work.  Again, Plaintiff has no given this Court no reason to believe that this is in any way a relevant inquiry.  Plaintiff does not assert that she has mental limitations which prevent her from performing her past work.  Plaintiff has given the Court no basis to see this as any kind of error, no less a material error.

Plaintiff next argues that the ALJ's comparison of the claimant's residual functional capacity with the demands of her past relevant work was cursory and "defies review." (Pl.'s Br. 16.)  Again, even if the ALJ's discussion of the comparison was brief, this Court does not agree that it is not amenable to meaningful review.  The only theory of disability that Plaintiff has offered in her brief is that she is unable to meet the demands of her past relevant work in terms of the ability to sit.  As discussed above, the Court finds that the ALJ considered this issue and made a decision that was supported by substantial evidence.  The Court finds that the decision

sufficiently sets forth the basis for the ALJ's decision at step four to allow meaningful review. Moreover, Plaintiff has given this Court no basis to find that, given the ALJ's decision about her ability to sit, the comparison of the claimant's residual functional capacity with the demands of her past relevant work might have arrived at some different outcome.

Plaintiff next argues that, because this case presents exertional and non-exertional limitations, the ALJ should have proceeded to step five. Setting aside the fact that Plaintiff has pointed to no evidence of non-exertional limitations, this argument is simply incorrect on the law.

Plaintiff next contends that the ALJ erred in considering Plaintiff's prior work as a medical records clerk to be past relevant work. Plaintiff states, without explanation or citation to the record, that the earnings record does not corroborate that this work qualifies under 20 C.F.R. § 404.1565(a): "We consider that your work experience applies when it was done within the last 15 years, lasted long enough for you to learn to do it, and was substantial gainful activity." Again, this vague beginning of an argument has not been sufficiently articulated to be considered.

Lastly, Plaintiff argues that the ALJ failed to make a finding on Plaintiff's credibility. Plaintiff further argues that the ALJ failed to explain his reasons for rejecting Plaintiff's statements. In the very next sentence, however, Plaintiff concedes that the ALJ explained that the claimant's statements were inconsistent with the objective medical evidence. (Pl.'s Br. 18.) Reasonably, what more did the ALJ need to say? The ALJ's explanation for rejecting Plaintiff's statements is quite clear.

In sum, the only factual determination Plaintiff challenges on appeal is the ALJ's finding about her ability to sit. Plaintiff has not pointed to any objective medical evidence that she is

limited in her ability to sit.  The only evidence Plaintiff points to is her testimony that she cannot sit for 2 hours.  The ALJ chose to credit the objective medical evidence over Plaintiff's testimony.  Plaintiff has shown no basis for this Court to find that the ALJ's determination is not supported by substantial evidence.

This Court discerns no basis for finding error in the ALJ's determination that Plaintiff is not disabled.  The Commissioner's decision is supported by substantial evidence and will be affirmed.

### III.  CONCLUSION

For the reasons stated above, this Court finds that the Commissioner's decision is supported by substantial evidence and is affirmed.

  s/ Stanley R. Chesler  
STANLEY R. CHESLER, U.S.D.J.

Dated: May 9, 2011